## LORAIN STEEL CO. v. WHITE MFG. CO.

### (Circuit Court, S. D. New York. December 30, 1907.)

PATENTS—INVENTION—RAILWAY SWITCH STRUCTURE.

The Moxham patent, No. 536,734, for a railway switch structure, claim 1, is void for lack of invention, in view of the prior art. Claim 6, conceding it patentable novelty, in view of its narrow range, must be limited to the precise structure described. As so limited, *held* not infringed.

In Equity. On final hearing.

Claims 1 and 6 are as follows:

"1. A railway switch structure, which consists of a metallic structure provided with a pocket in which a plate, which is grooved so as to form the flangeway and point, is removably secured; the rails of the remainder of said switch being secured to said metallic structure."

"6. A railway switch piece, consisting of a body portion having a pocket adapted to receive a plate, a plate in said pocket having track surfaces and depending holding down members, projecting downward from the plate into the space beneath, said space below the plate being filled with a material adapted to support the plate and bond the holding down members substantially as described."

Thomas W. Bakewell and Charles MacVeagh (George H. Parmelee and Clarence P. Byrnes, of counsel), for complainant.

Henry D. Donnelly, for defendant.

HAZEL, District Judge. In this action to restrain the infringement of claims 1 and 6 of patent No. 536,734, dated April 2, 1895, granted to A. J. Moxham, for improvement in railway switch structures, I have examined the record and discovered no reason to disagree with the Circuit Court of Appeals for the Sixth Circuit in Johnson Company v. Toledo Traction Company, 119 Fed. 885, 56 C. C. A. 415. The said court, having before it for consideration the scope of claims 1, 2, 3, 4, and 5 of the patent in suit, held that there was no such indicated change in the manner of using or applying the railway switch structure as to warrant holding that by its use there was produced a new result. In view of the thoroughly comprehensive reasons assigned by the court in the Johnson Company Case, it is neither necessary nor useful to reiterate the scope of claim 1. This case is not thought to be stronger, and, even if the asserted new evidence indicating the inadequacy of the prior structures had been presented in the former case, in my judgment, a different decision would not have resulted.

My impression, from an examination of the prior art, is that the specific claim 6, read in connection with the specification, cannot be given breadth to include defendant's device without ignoring such antecedent art and elements as were commonly known. Assuming that claim 6 is patentably novel, in view of its narrow range, it must be limited to the precise structure described. As thus limited the defendant would not infringe. The casting of the defendant has not the short projections of claim 1 to correspond in shape to the abutting rails, nor has it the holding down members of the sixth claim, nor the specific bonding material of the complainant's patent.

The bill is dismissed, with costs.